THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **BRIONA GRAHAM**<br>3434 Minnesota Ave. SE<br>Apt. #2<br>Washington, DC 20019<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY**<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>　　**Serve:**<br>　　Susan Serrian<br>　　600 Fifth Street, NW<br>　　Washington, DC 20001<br><br>　　　　　Defendant. | Case No.　2022 CA 000267 V<br>Judge:<br>Next Event: |

## COMPLAINT

COMES NOW Plaintiff Briona Graham ("Plaintiff"), by and through the undersigned counsel, and make this Complaint against Defendant Washington Metropolitan Area Transit Authority ("Defendant" or "WMATA"). In support thereof, Plaintiff states as follows:

### Parties

1. Plaintiff is an individual who resides at the above-captioned address.

2. Defendant Washington Metropolitan Area Transit Authority is an entity formed by compact that provides mass transportation service throughout the Washington Metropolitan Area, including District of Columbia.

## Jurisdiction

3. This Court has subject matter jurisdiction over this action pursuant to § 11-921 of the District of Columbia Code in that this action was filed in the District of Columbia and no federal court has exclusive jurisdiction over this matter.

4. This Court has personal jurisdiction over Defendant pursuant to §§ 13-422 and 13-423 of the D.C. Code, in that Defendant maintains a principal place of business and transacts and carries on regular business in the District of Columbia.

## Factual Background

5. On or about June 25, 2019, Plaintiff was a passenger on a bus that was being operated by an employee and/or agent of Defendant, at or around Pennsylvania Avenue, SE and 33rd Street, SE in Washington, District of Columbia.

6. At all material times, Defendant owned the aforementioned bus operated by its employee and/or agent.

7. At all material times, the driver of the bus was an employee and/or agent of Defendant.

8. At all material times, the driver was acting within the scope of their employment and/or agency for Defendant.

9. At all material times, Defendant gave the driver permission, either express or implied, to operate the bus in question.

10. On June 25, 2019, as Plaintiff was attempting to get off the bus, she fell onto the curb.

11. Plaintiff's fall was due to the violations of law and negligence of Defendant. The violations of law and negligence include, but are not limited to, failing to maintain proper distance from the curb while parking a bus, failing to stop the bus at a location where passengers can alight safely, failing to warn of the existence of dangerous conditions that

were known or should have been known, failing to pay full time and attention, failing to keep a proper lookout, failing to maintain control of the bus, and failing to exercise ordinary and reasonable care. As a direct and proximate result of the incident, Plaintiff suffered bodily injuries that have caused, and will continue to cause, physical and mental pain and suffering for the rest of her life. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and related expenses.

12. The above injuries and damages were proximately caused by the negligence of Defendant without any contributory negligence on the part of Plaintiff.

13. Plaintiff avers generally that all conditions precedent have been performed pursuant to Rule 9(c).

### Claim for Relief: Negligence of Defendant

14. Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

15. At all times mentioned herein, Defendant had the duty to operate the bus in a reasonably safe manner, which included maintaining proper distance from the curb while parking a bus, stopping the bus at a location where passengers can alight safely, warning of the existence of dangerous conditions that were known or should have been known, paying full time and attention, keeping a proper lookout, maintaining control of the bus, and exercising ordinary and reasonable care under the circumstances.

16. In violation of this duty, Defendant caused the incident as set forth herein.

17. At all material times, Defendant owned the aforementioned bus operated by its employee and/or agent.

18. At all material times, the operator of the bus was an employee and/or agent of Defendant.

19. At all material times, the driver was acting within the scope of their employment and/or agency for Defendant.

20. Therefore, Defendant is liable for the negligence of its agent and/or employee, the operator of the bus, as alleged herein.

21. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages as set forth above.

22. The above injuries were caused solely and proximately by Defendant, without any contributory negligence on the part of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial, but not believed to exceed $75,000.00, plus costs of suit, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff, individually, and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: January 19, 2022

RESPECTFULLY SUBMITTED,

*/s/ Joanne J. Lee*

Joanne J. Lee, #1719212
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
(202) 628-3050
Fax: (202) 466-1833
jlee@simeonemiller.com
*Counsel for Plaintiff*