UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIONA GRAHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0407 (ABJ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) ) ) ) | |
| Defendant | ) ) ) | |

## MEMORANDUM OPINION & ORDER

On January 24, 2022, plaintiff Briona Graham brought this negligence action against defendant Washington Metropolitan Area Transit Authority ("WMATA") in the Superior Court of the District of Columbia. *See* Compl., Ex. 4 to Notice of Removal [Dkt. # 1-4] ("Compl."). On February 15, 2022, defendant removed the case to this Court. Notice of Removal [Dkt. # 1]. Plaintiff alleges that she fell off a bus and sustained injuries because the driver negligently parked too far away from the sidewalk and failed to lower or "kneel" the bus before letting passengers disembark. Compl. ¶ 11; Pl.'s Opp. to Def.'s Mot. for Summ. J. [Dkt. # 21] ("Opp.") at 1.

Pending before the Court is defendant's motion for summary judgment, Def.'s Mot. for Summ. J. [Dkt. # 19] ("Mot."), which it filed prior to the close of discovery. Defendant argues that it did not have a legal duty to lower or "kneel" the bus before letting plaintiff exit. *Id.* at 1. The motion has been fully briefed. *See* Opp.; Def.'s Reply to Opp. [Dkt. # 25] ("Reply"); Pl.'s Sur-reply to Def.'s Reply [Dkt. # 27].

For the reasons set forth below, defendant's motion for summary judgment will be **DENIED**.

BACKGROUND

On June 25, 2019, plaintiff fell while exiting a bus in Washington, D.C. *See* Def.'s Statement of Facts [Dkt. # 19-2] ("Def.'s SOF") ¶¶ 1–2, citing excerpts from Dep. of Briona Graham, Ex. 1 to Mem. in Supp. of Def.'s Mot. [Dkt. # 19-3] ("Graham Dep."); Pl.'s Resp. to Def.'s SOF [Dkt. # 21-12] ("Pl.'s Resp. SOF") ¶¶ 1–2.[1] It is undisputed that the bus was not lowered for plaintiff to exit and that she did not speak with the bus operator before or after her fall. Def.'s SOF ¶¶ 3–4; Pl.'s Resp. to Def.'s SOF ¶¶ 3–4.[2] Defendant asserts that at the time of the fall, plaintiff was not having any health problems or difficulties with mobility. Def.'s SOF ¶ 5, citing Graham Dep. at 50–52. Plaintiff responds that at the time of the incident, she had "special needs and required assistance" because she was holding her son in one hand and carrying a baby stroller in the other. Pl.'s Resp. SOF ¶ 5; Graham Dep. 47:14–18. As discovery is incomplete, the record does not yet contain evidence that would be relevant to this issue, such as the deposition of the bus operator or the correct video footage of the incident. Opp. at 9.

STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

1   The parties dispute where plaintiff fell. Defendant claims that she fell on the sidewalk, *see* Def.'s SOF ¶ 2, citing Graham Dep. 47–48, while plaintiff states that she "fell on the street then landed on the sidewalk after the fall." Pl.'s Resp. SOF ¶ 2.

2   Plaintiff alleges that defendant's bus operator "did not curb the bus" within six to twelve inches of the sidewalk curb when the bus stopped to discharge passengers. Pl.'s Statement of Material Facts in Dispute [Dkt. # 21-13] ("Pl.'s SOF") ¶ 2. Defendant did not admit or deny this fact, but simply replied that it was immaterial. Def.'s Resp. to Pl.'s SOF ¶ 2 [Dkt. # 25].

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

Under D.C. law, a plaintiff in a negligence action "must first show that a defendant owed him a duty of care." *Thurman v. District of Columbia*, 282 A.3d 564, 572 (D.C. 2022) (citation omitted). After demonstrating the existence of a duty, "a plaintiff must establish 'the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Id.*, quoting *Evans-Reid v. District of Columbia*, 930 A.2d 930, 937 n.6 (D.C. 2007).

Defendant argues that "[p]laintiff's negligence claim fails as a matter of law because there was no legal duty on the part of the bus operator to kneel/lower the bus or otherwise assist the plaintiff as she was not laboring under any disability and did not request assistance." Mot. at 3; Opp. at 4; Reply at 3–4. But plaintiff's own formulation of the question reflects the well-

3

established legal principle that the extent of a common carrier's duty is dependent upon the circumstances that pertained at the time.  Opp. at 7.  Those facts and circumstances are in dispute.  Moreover, the assessment of the scope of the duty that arises out of the factual circumstances is a matter for expert testimony.  Therefore, the Court cannot foreclose plaintiff's claim at this time based solely on her testimony that on the date in question, none of her medical conditions affected her ability to walk.  *See* Graham Dep. at 52.

Under D.C. law, "WMATA, like any common carrier, owes a duty of reasonable care to its passengers." *McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 712 (D.C. 1991), citing *D.C. Transit Sys., Inc. v. Carney*, 254 A.2d 402, 403 (D.C. 1969) ("The law is clear that a common carrier is held to a duty of care commensurate with the particular hazards involved").  As the D.C. Circuit has recognized, "the District of Columbia [ ] has adopted Section 314A of the Restatement (Second) of Torts, which states that a common carrier like WMATA owes a duty to its passengers 'to take reasonable action . . . to protect them against unreasonable risk of physical harm. . . .'" *Whiteru v. Wash. Metro. Area Transit Auth.*, 89 F.4th 166, 169 (D.C. Cir. 2023), citing Restatement (Second) of Torts § 314A(1)(a)–(b) (1965).

It is true that section 314A of the Restatement states that the only duty in each case is "to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury."  § 314A, cmt. e; *see also Sullivan v. Yellow Cab Co.*, 212 A.2d 616, 618 (D.C. 1965) ("Only in the event that a passenger is handicapped by physical disability, such as blindness, illness, age, lameness, or other obvious infirmity, any of which would be reasonably apparent or made known to the carrier, does the duty on the part of the carrier's agent arise to give such assistance to the passenger as is reasonably necessary in boarding or alighting.").

The issue here, then, is what the duty of reasonable care entailed based on what was apparent to the defendant at the time.  Mot. at 3–4; Reply at 4–6.  And the facts on that issue have yet to be established, much less, shown to be undisputed.

It is also worth noting that a plaintiff bears the burden of establishing the applicable standard of care through expert testimony "if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson."  *Briggs v. Wash. Metro. Area Transit Auth.*, 481 F.3d 839, 845 (D.C. Cir. 2007), citing *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 433 (D.C. 2000).  The Court agrees with other courts in this district in finding that "where a plaintiff seeks to establish standards regarding the specific procedures that public transit bus operators should follow . . . a plaintiff must present expert testimony, as the standards governing the operation of city buses are distinctly related to an occupation that is 'beyond the ken of the average layperson.'"  *Robinson v. Wash. Metro. Area Transit Auth.*, 941 F. Supp. 2d 61, 67 (D.D.C. 2013), *aff'd*, 774 F.3d 33 (D.C. Cir. 2014) (internal citations omitted); *see also Bush v. Wash. Metro. Area Transit Auth.* 2020 WL 921419, at *4 (D.D.C. Feb. 26, 2020) (requiring expert testimony to establish the standard of care of a WMATA driver when allowing a passenger to deboard).

While discovery is still ongoing, plaintiff has provided a preliminary expert report stating that "[t]he national standard of care is for the bus to be parked parallel to the curb at a distance of 6 to 12 inches," and that "it is recognized throughout the bus public transit industry that carrying a child in one hand and the stroller in the other hand while exiting or entering a bus is a special need/requirement and a mobility issue" that requires kneeling the bus for alighting passengers. Opp. at 5–6, citing Ex. 3-B to Opp., Preliminary Expert Report of Carl M. Berkowitz [Dkt. # 21-4].  And, as defendant acknowledges, "determining the applicable standard of care in a

negligence case, under District of Columbia law, is a question of fact for the jury." Reply at 4. Under all of these circumstances, the incomplete factual record precludes the grant of summary judgment in defendant's favor at this time, and even at this stage of the proceedings, plaintiff has come forward with sufficient information to suggest that there is a triable question for the jury regarding the scope of the duty of care that defendant owed to plaintiff, and whether the defendant breached that duty.

## CONCLUSION

For these reasons, the Court will **DENY** defendant's motion for summary judgment [Dkt. # 19]. The stay on discovery pending the Court's ruling is lifted, and the parties must meet and confer and submit a schedule for the completion of discovery by **March 29, 2024**.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: March 19, 2024